VICTOR M. SHER (SBN 96197)
vic@sheredling.com
MATTHEW K. EDLING (SBN 250940)
matt@sheredling.com
TIMOTHY R. SLOANE (SBN 292864)
tim@sheredling.com
**SHER EDLING LLP**
100 Montgomery Street, Ste. 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiff*
*Rio Linda Elverta Community Water District and*
*Sacramento Suburban Water District*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIO LINDA ELVERTA COMMUNITY WATER DISTRICT,<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:17-cv-01349-KJM-GGH<br><br>**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER** |
| SACRAMENTO SUBURBAN WATER DISTRICT,<br><br>Plaintiff,<br>vs.<br><br>ELEMENTIS CHROMIUM INCORPORATED, ET AL,<br><br>Defendants. | Case No. 2:17-cv-01353-KJM-GGH |

**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER**

SHER EDLING LLP

Plaintiffs Rio Linda Elverta Community Water District ("Rio Linda Elverta") and Sacramento Suburban Water District ("Sacramento Suburban") (together, "Plaintiffs") and Defendants the United States of America, Elementis Chromium Incorporated, Occidental Chemical Corporation, Honeywell International, Inc., BASF Corporation, PPG Industries, Inc. sued as PPG Incorporated, E.I. Du Pont de Nemours and Company, Univar Inc., Univar USA, Inc., Luxfer Holdings PLC, Sigma-Aldrich Corporation, and The Dow Chemical Company, in the above-captioned related matters, through their undersigned counsel, hereby stipulate and agree to the following:

## I. Recitals

1. *Whereas* Plaintiff Sacramento Suburban filed a notice of administrative claim under the Federal Tort Claims Act with the United States Department of the Air Force ("Air Force") on April 3, 2017 for alleging damages arising out of the same factual circumstances described in its Complaint in this Court.

2. *Whereas* Plaintiffs Rio Linda Elverta and Sacramento Suburban filed actions against the United States of America and the Air Force in the United States Court of Federal Claims on June 23, 2017 – *Rio Linda Elverta Community Water District vs. The United States of America, et al.*, Case No. 1:17-cv-00859-VJW; and *Sacramento Suburban Water District vs. The United States of America, et al.*, Case No. 1:17-cv-00860-RHH (together, the "Federal Claims Actions").

3. *Whereas* Plaintiffs subsequently filed these actions in this Court on June 30, 2017 (*Rio Linda Community Water District v. United States, et al.*), *Rio Linda* Dkt. No. 1; and July 12, 2017 (*Sacramento Suburban Water District v. Elementis Chromium Inc., et al.*), *Sacramento Suburban* Dkt. No. 4.

4. *Whereas* Plaintiff Sacramento Suburban's Complaint, Sacramento Suburban Dkt. No. 1, and its First Amended Complaint, Sacramento Suburban Dkt. No. 4, do not allege claims against the United States under the Federal Tort Claims Act. Those Complaints were filed during the pendency of Air Force's administrative review of those claims, thereby precluding litigation of those claims as provided by 28 U.S.C. § 2675(a).

**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER**

SHER EDLING LLP

1

5. *Whereas* on September 18 and 25, 2017, certain Non-Federal Defendants[1] filed motions to dismiss under Federal Rule of Civil Procedure 12.

6. *Whereas* on September 20, 2017, the Air Force notified Sacramento Suburban that it had denied Sacramento Suburban's administrative claim under the Federal Tort Claims Act.

7. *Whereas* on September 25, 2017, based on a Stipulation between Plaintiffs and the United States, this Court entered an Order staying Plaintiffs' counts against the United States pending resolution of the United States' motions to dismiss Plaintiffs' claims and Plaintiffs' motions to stay proceedings in the Federal Claims Actions. *Rio Linda* and *Sacramento Suburban* Dkt. Nos. 43. The Order also required Plaintiffs to file in this Court a notice of Entry of Order upon the Court of Federal Claims' disposition of the motions pending in the Federal Claims Actions. The Order also set forth a briefing schedule triggered by Plaintiffs' notification.

8. *Whereas* on October 16, 2017, based on a stipulation between Plaintiffs and all Defendants, this Court entered an Order staying these actions against the non-Federal defendants pending resolution of the United States' motions to dismiss Plaintiffs' claims and Plaintiffs' motions to stay proceedings in the Court of Federal Claims. *Rio Linda* Dkt. No. 54; *Sacramento Suburban* Dkt 55. The Order also required Plaintiffs to file in this Court a notice of Entry of Order upon the Court of Federal Claims' disposition of the motions pending in the Federal Claims Actions. The Order also set forth a briefing and case management schedule triggered by Plaintiffs' notification. As such, these actions have been stayed since October 16, 2017.

9. *Whereas* the October 16, 2017 stipulation and Order stayed discovery until this Court issued rulings on the Non-Federal Defendants' currently pending Rule 12 motions and any motions to dismiss filed by the United States and also deferred the deadline for initial disclosures under Federal Rule of Civil Procedure 26(a)(1) for 45 days after this Court's ruling on all then-pending Rule 12 motions.

---

[1] The "Non-Federal Defendants" are all Defendants except the United States.

**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER**

SHER EDLING LLP

2

10. *Whereas* on January 31, 2018, the Court of Federal Claims entered judgment dismissing Plaintiffs' complaints and denying their motions to stay as moot in the Federal Claims Actions. Plaintiffs filed a Notice of Entry of Order in this Court on February 1, 2018. *Rio Linda* Dkt No. 56; *Sacramento Suburban* Dkt. No. 63.

11. *Whereas* 28 U.S.C. § 2401(b) requires Sacramento Suburban to file its claims against the United States under the Federal Tort Claims Act no later than March 20, 2018 (*e.g.* six months after Air Force's denial of Sacramento Suburban's administrative claim).

12. *Whereas* Plaintiffs intend to file their respective Notices of Appeal in the Court of Federal Claims.

13. *Whereas* counsel for Plaintiffs and the United States met and conferred on March 6 and 9, 2018 concerning the scheduling of these actions in light of the Federal Claims Actions, Plaintiffs' interest in appealing the judgment in the Federal Claims Actions, and Plaintiff Sacramento Suburban's intent to amend its Complaint to include claims against the United States under the Federal Tort Claims Act.

14. *Whereas* counsel for Plaintiffs and the non-Federal Defendants met and conferred on March 12, 2018 concerning staying this action in light of the Federal Claims Actions and Plaintiff Sacramento Suburban's intent to amend its Complaint to assert claims against the United States under the Federal Tort Claims Act.

15. *Whereas,* all Defendants hereby consent to Plaintiff Sacramento Suburban amending its complaint to include its claims against the United States under the Federal Tort Claims Act.

16. *Whereas*, a copy of Plaintiff Sacramento Suburban's proposed Second Amended Complaint is attached hereto as **Exhibit A**.

17. *Whereas* the Parties agree that these actions and the Federal Claims Actions raise common core issues; that this Court does not have jurisdiction over Plaintiffs' causes of action in the Federal Claims Actions; that the Court of Federal Claims does not have jurisdiction over Plaintiffs' causes of action in this Court; and that continuing the current stay of Plaintiffs' actions in this Court pending resolution of Plaintiffs' appeal of the Court of Federal Claims' judgment is

therefore warranted to avoid duplication of effort, to avoid overlap of proceedings, and to prevent needlessly burdening the courts.

18. *Whereas* Plaintiffs maintain that this Court should hear Plaintiffs' claims in the first instance; and that, if the Federal Circuit reverses the Court of Federal Claims and remands to that court for further proceedings, Plaintiffs will renew their motions to stay the Federal Claims Actions in favor of proceedings in this Court.

19. *Accordingly,* to reduce the potential for duplication of effort and overlap of proceedings, and to avoid scheduling conflicts, the Parties have agreed to the following proposed Order.

## II. Order Staying Actions as to all Parties and Permitting Plaintiff Sacramento Suburban Water District to File its Second Amended Complaint; and Setting Post-Appeal Case Management Procedure.

1. These actions are stayed as to all parties for all purposes pending resolution of Plaintiffs' appeals of the Court of Federal Claims' judgments in the Federal Claims Actions.

2. If the United States Court of Appeals for the Federal Circuit enters any dispositive order respecting Plaintiffs' appeals in the Federal Claims Actions, then Plaintiffs' counsel will file a notice in this Court of the orders within 48 hours, or 72 hours if the orders are issued on a Friday.

3. During the pendency of the stay imposed by this Order, all deadlines to file any pleadings or papers responsive to any of Plaintiffs' Complaints or any of Defendants' pending motions under Federal Rule of Civil Procedure 12 are stayed.

4. Notwithstanding any other provision of this Stipulation and Order, the stay will be temporarily lifted for the limited purpose of allowing Plaintiff Sacramento Suburban Water District to file its Second Amended Complaint to assert a claim under the Federal Tort Claims Act. The stay will be lifted only for the time necessary for Sacramento Suburban to file its Second Amended Complaint and effect service thereof via CM/ECF. The stay is reinstated immediately after Sacramento Suburban files its Second Amended Complaint and service is effected. All deadlines to respond to the Second Amended Complaint are tolled during the

**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER** 4

pendency of this stay. Sacramento Suburban need not obtain an additional Order from the Court lifting the stay for this purpose.

5. Sacramento Suburban Water District may file its Second Amended Complaint.

6. All hearing and conference dates, including the June 1, 2018 hearing on pending Rule 12 motions and June 1, 2018 status conference, currently calendared in these actions in this Court are VACATED.

7. Within twenty-one (21) days of Plaintiffs filing notice in this Court of dispositive order(s) in their appeals of the judgments in the Federal Claims Actions, the Parties will meet and confer to discuss the substance of such order(s) and a schedule for either (1) continuing the stay in the Eastern District of California in the event further proceedings are expected in the Federal Claims Actions (either on remand, additional appeal, or otherwise), or (2) lifting the stay in the Eastern District of California and scheduling briefing on pending motions and other case management deadlines if further proceedings are not expected in the Federal Claims Actions.

8. Within thirty-five (35) days of Plaintiffs filing notice in this Court of dispositive order(s) in their appeals of the judgments in the Federal Claims Actions, the parties will file a Stipulation and Proposed Order in this Court memorializing any agreement reached at the aforementioned meet and confer. In the event no such agreement is reached, the parties will request a Status (Pre-Trial Scheduling) conference before this Court to discuss further proceedings in this Court.

Pursuant to Local Rule 131(e), all undersigned counsel have authorized Rio Linda Elverta Community Water District and Sacramento Suburban Water District's counsel, Timothy R. Sloane, to sign and submit this Stipulation on their behalf.

Dated: March 20, 2018         SHER EDLING, LLP

                              By:    */s/ Timothy R. Sloane*
                                     Timothy R. Sloane

                              Attorneys for Plaintiffs
                              RIO LINDA ELVERTA COMMUNITY WATER
                              DISTRICT and SACRAMENTO SUBURBAN
                              WATER DISTRICT

SHER EDLING LLP

**STIPULATION TO STAY ACTIONS AND FILE AMENDED COMPLAINT; AND ORDER**

5

| | | |
|---|---|---|
| Dated: March 20, 2018 | | U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION |

By: */s/ Michael L. Williams*
Michael L. Williams

Attorneys for Defendant
UNITED STATES OF AMERICA

Dated: March 20, 2018  KING & SPALDING LLP

By: */s/ Amber Trincado*
Amber Trincado

Attorneys for Defendant
BASF CORPORATION

Dated: March 20, 2018  BARG COFFIN LEWIS & TRAPP, LLP

By: */s/ R. Morgan Gilhuly*
R. Morgan Gilhuly

Attorneys for Defendant
OCCIDENTAL CHEMICAL CORPORATION

Dated: March 20, 2018  MORGAN, LEWIS & BOCKIUS, LLP

By: */s/ Greg A. Christianson*
Greg A. Christianson

Attorneys for Defendant
ELEMENTIS CHROMIUM INCORPORATED

Dated: March 20, 2018  ARNOLD PORTER KAYE SCHOLER LLP

By: */s/ Stephanie B. Weirick*
Stephanie B. Weirick

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

| | | |
|---|---|---|
| Dated: March 20, 2018 | | BEVERIDGE & DIAMOND, P.C. |
| | By: | */s/ Gary J. Smith* |
| | | Gary J. Smith |
| | | Attorneys for Defendant |
| | | PPG INDUSTRIES, INC., sued as PPG INCORPORATED |
| Dated: March 20, 2018 | | GLYNN & FINLEY, LLP |
| | By: | */s/ Adam Rapp* |
| | | Adam Rapp |
| | | Attorneys for Defendant |
| | | E.I. DU PONT DE NEMOURS AND COMPANY |
| Dated: March 20, 2018 | | ARCHER & GREINER, LLP |
| | | HANSON BRIDGETT LLP |
| | By: | */s/ Landon S. Bailey* |
| | | Landon S. Bailey |
| | | Attorneys for Defendant |
| | | LUXFER HOLDINGS PLC |
| Dated: March 20, 2018 | | ALEXANDER & ASSOCIATES PC |
| | By: | */s/ Alisyn J. Palla* |
| | | Alisyn J. Palla |
| | | Attorneys for Defendant |
| | | UNIVAR USA INC. and UNIVAR INC. |
| Dated: March 20, 2018 | | STEPTOE & JOHNSON, LLP |
| | By: | */s/ Jay E. Smith* |
| | | Jay E. Smith |
| | | Attorneys for Defendant |
| | | SIGMA-ALDRICH CORPORATION |

Dated: March 20, 2018                MITCHELL CHADWICK, LLP


                                     By:    */s/ Clifton McFarland*
                                            Clifton McFarland

                                     Attorneys for Defendant
                                     THE DOW CHEMICAL COMPANY

**IT IS SO ORDERED.**

DATED:  April 4, 2018                _____
                                     UNITED STATES DISTRICT JUDGE