1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

No. 2:17-cv-01353-KJM-CKD

12

Sacramento Suburban Water District,

ORDER

13

Plaintiff,

14
15

v.

16
17

United States of America,

18

Defendant.

19

Upon consideration of the Unopposed Motion To Enter the Proposed Consent Decree, the

20

Memorandum in Support and other pleadings submitted, as well as the terms of the Proposed

21

Consent Decree between Plaintiff Sacramento Suburban Water District ("District") and Defendant

22

the United States of America ("United States") (collectively, the "Parties"), the Court finds that the

23

Parties' Proposed Consent Decree is fair and reasonable, both procedurally and substantively,

24

consistent with the Comprehensive Environmental Response, Compensation, and Liability Act

25

("CERCLA") and other applicable law, in good faith, and in the public interest.  Accordingly, the

26

Consent Decree as accepted and agreed to by the parties, *see* ECF No. 210-2, and as outlined

27

below is **granted**.

28

## I.    BACKGROUND

A.  Plaintiff, the Sacramento Suburban Water District (the "District"), and Defendant, the United States of America ("United States"), have agreed to a final settlement of the action filed by the District in the United States District Court for the Eastern District of California ("District Court").

B.  The District and the United States are each referred to herein as a "Party" and are collectively referred to herein as the "Parties."

C.  On June 30, 2017, the District sued several private parties alleging state law claims related to allegations that hexavalent chromium disposed of at the former McClellan Air Force Base migrated through groundwater to the District's wells.

D.  On July 21, 2017, the District filed its First Amended Complaint that added the United States as a defendant alleging a claim under the Resource Conservation and Recovery Act's ("RCRA") citizen-suit provision, 42 U.S.C. § 6972(a)(1)(B).  The District alleges that hexavalent chromium disposed of at the former McClellan Air Force Base migrated through groundwater to the District's wells and may present an imminent and substantial endangerment.  ECF No. 4.  The District sought injunctive relief and damages.  *Id.*

E.  The District's operative complaint is its Third Amended Complaint, filed on May 7, 2020, that added a claim against the United States for Response costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), based on substantially similar allegations.  ECF No. 122.

F.  On August 18, 2022, the Court dismissed the District's RCRA and FTCA claims against the United States and certain other claims against the private parties. The Court did not dismiss the CERCLA claim against the United States.  ECF No. 163.

G.  On August 31, 2022, the Court dismissed the remaining claims against the private parties in response to the District's notice of voluntary dismissal. ECF Nos. 166, 167.

H. The Parties agree that a final settlement of the District's CERCLA claim in this case is in the public interest, that settlement will avoid the costs and uncertainties of further litigation, and that entry of this Consent Decree is the most appropriate means of resolving the claims in this case.

I. This Consent Decree is intended to constitute a full and final resolution of any and all claims that have been or could now or hereafter be asserted between the Parties regarding the Covered Matters (as defined below).

THEREFORE, before taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the Parties by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  This Court has personal jurisdiction over the Parties.  The Parties may not challenge the terms of this Consent Decree on jurisdictional grounds or this Court's jurisdiction to enter and enforce this Consent Decree.

2. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) because the alleged Releases or damages occurred in this District.

## III. PARTIES BOUND

3. This Consent Decree applies to, is binding upon and inures solely to the benefit of the Parties. Except as specifically provided, this Consent Decree does not extend to or inure to the benefit of any party, person or entity other than the Parties. Nothing in this Consent Decree shall be construed to make any other person or entity not executing the Consent Decree a third-party beneficiary to this Consent Decree.

## IV. DEFINITIONS

4. Unless otherwise expressly provided herein, terms used in this Consent Decree take their ordinary meaning. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

**a**. "District" means the Sacramento Suburban Water District, including its predecessors, successors and assigns.

**b**. "CERCLA" means the Comprehensive Environmental, Response, and Liability Act of 1980, as amended, 42 U.S.C. Chapter 103.

**c**. "Covered Matters" means any and all past, current or future claims, known or unknown, arising from or related to the Release, threatened Release, or migration of Hazardous Substances from McClellan.

**d**. "Effective Date" means the date upon which the approval of this Consent Decree by the Court is recorded on the Court's docket.

**e**. "FTCA" means the Federal Tort Claims Act, as amended, 42 U.S.C. Chapter 171.

**f**. "Hazardous Substance" means any substance, element, compound, mixture, solution, or material of any kind within the definition at 42 U.S.C. § 9601(14) as of the date of the Effective Date of this Consent Decree.

**g**. "McClellan" means the former McClellan Air Force Base designated as a CERCLA Superfund site and added to the National Priorities List at 52 Fed. Reg. 27,620 and includes the subsurface below and air above.

**h**. "RCRA" means the Resource Conversation and Recovery Act, as amended, 42 U.S.C. Chapter 82.

**i**. "Release," when capitalized, takes the definition at 42 U.S.C. § 9601(22).

**j**. "Response," when capitalized, takes the definition at 42 U.S.C. § 9601(25).

**k**. "United States" means the United States of America and each department, agency, and instrumentality of the United States.

## V.    SCOPE AND EFFECT OF CONSENT DECREE

5. This Consent Decree was negotiated and executed by the Parties in good faith and at arm's length and is a fair and equitable compromise of the claims between the Parties in this action.

6. This Consent Decree shall constitute a full and final resolution between the Parties with respect to the Claims asserted in this action, in accordance with the terms and conditions of this Consent Decree.

7. This Consent Decree is not to be interpreted as an admission on the part of any Party of any issue of fact or law, or liability or wrongdoing. It is expressly understood that no Party, by agreeing to this Consent Decree, admits to any factual allegations asserted in the above captioned action or admits to liability or violation of any law, rule, regulation, or policy.

## VI.    PAYMENTS BY THE UNITED STATES

8. Subject to the certification in Paragraph 11, as soon as reasonably practicable after the Effective Date, the United States will pay $5.9 million to the District by Automated Clearing House Electronic Funds Transfer in accordance with instructions provided by the District.

9. The payment by the United States in Paragraph 8 is subject to the availability of funds appropriated for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or any other applicable federal law.

10. If such payment is not made in full within 60 days after either the Effective Date of this Consent Decree, or 60 days after the date upon which the District provides the United States with payment instructions, whichever is later, then interest on the unpaid balance shall accrue on the 61st day after such later date. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

11. The District shall not realize a double recovery with regard to any of their costs being reimbursed or paid by the United States pursuant to this Consent Decree, whether through insurance, contract, or claims against the United States or other persons or entities. Based on their knowledge and belief and subject to the penalties of the False Claims Act, 31 U.S.C. § 3729 et seq., and other applicable law, the District hereby certifies to the United States that, other than the

claims being resolved herein, they have neither sought nor received, nor will they seek or receive, reimbursement from the United States of any costs paid by the United States pursuant to this Consent Decree, and further agree, with regard to any contract or agreement with a department, agency, or instrumentality of the United States ("Federal Contract"), that (i) such costs will be deemed to be, and will be identified in their accounting systems as, "mutually agreed to be unallowable" costs subject to Federal Acquisition Regulation (FAR) 31.201-6 and Cost Accounting Standard 405 and thus excluded from any billing, claim, or proposal applicable to a Federal Contract; (ii) they shall not claim or receive such costs as allowable costs under a Federal Contract; (iii) they shall not claim or receive payment for such costs under any indemnification or hold harmless provision in any Federal Contract; and (iv) they shall not include such costs in general and administrative expenses, home office overhead, or other indirect cost pools or accounting categories if any portions of such cost pools or accounting categories have been or could be deemed allowable, allocable, or otherwise subject to recovery, directly or indirectly, pursuant to a Federal Contract.  The foregoing notwithstanding, the Parties agree that this Consent Decree does not constitute a Federal Contract and that payments made by the United States under this Consent Decree are not payments or reimbursements under a Federal Contract. Nothing in this paragraph or elsewhere in this Consent Decree is intended to preclude or otherwise impair the ability and rights of the District to receive settlements, reimbursements, or other payments for the removal or remediation of Hazardous Substances resulting from the Release, threatened Release or migration of Hazardous Substances from McClellan from other potentially responsible parties.

## VII.  MUTUAL RELEASE AND COVENANT NOT TO SUE

12. By the District: Subject to the reservations in paragraph 16, upon approval and entry of this Consent Decree by the District Court, and in consideration of the payment in Paragraph 8 of this Consent Decree, and except as otherwise specifically provided in this Consent Decree, the District releases and covenants not to sue the United States and its officers, board of directors, or employees acting within the scope of their employment with respect to the Covered Matters.  This release and covenant applies to any and all claims, causes of action, suits or demands of any kind

whatsoever, known or unknown, in law or in equity which the District may have had, or hereafter have, including, but not limited to, claims under CERCLA, RCRA's citizen-suit provision at 42 U.S.C. § 6972(a), the United States Constitution, the FTCA, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, State law, or at common law regarding the Covered Matters.  This release and covenant extends only to the United States and its officers, board of directors, or employees acting within the scope of their employment and does not extend to any other person or entity.

13. The release by the District in paragraph 12 applies to the action the District brought against the United States that is currently pending before the United States Court of Federal Claims referenced as *Sacramento Suburban Water District v. United States*, 1:17-cv-00860 (Fed. Cl.). The District has agreed to dismiss that action with prejudice after receiving the payment from the United States required in paragraph 8 of this Consent Decree.

14. By the United States: Subject to the reservations in paragraphs 15 and 16, upon approval and entry of this Consent Decree by the District Court, and except as otherwise specifically provided in this Consent Decree, the United States releases and covenants not to sue the District and its officers, board of directors, or employees acting within the scope of their employment with respect to the Covered Matters.  This release and covenant applies to any and all claims, causes of action, suits or demands of any kind whatsoever, known or unknown, in law or in equity which the United States may have had, or hereafter have, including, but not limited to, claims under CERCLA, RCRA's citizen-suit provision at 42 U.S.C. § 6972(a), the United States Constitution, State law, or at common law with respect to Covered Matters.  This release and covenant extends only to the District, including its officers, board of directors, or employees acting within the scope of their employment and does not extend to any other person or entity.

15. Notwithstanding the release and covenant not to sue in paragraph 14, the United States specifically reserves its right to assert against the District any claims or actions regarding McClellan brought on behalf of the United States Environmental Protection Agency ("EPA") or a federal natural resource trustee.  Notwithstanding any other provision of this Consent Decree, the

United States, on behalf of EPA, and any other agency so authorized, also retains all authority and reserves all rights to take any and all Response actions authorized by law at McClellan. Nothing contained in this Consent Decree shall be construed to limit the authority of the United States, including EPA, to undertake any action pursuant to applicable law or regulation regarding the District or McClellan.

16. The mutual releases and covenants not to sue set forth in Paragraphs 12 and 14 do not extend to any actions to enforce or remedy an alleged breach of Consent Decree.

## VIII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

17. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment with respect to the District's claim against the United States in this action.

18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person or entity not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person or entity not a signatory to this Consent Decree may have under applicable law. Unless otherwise precluded by this Consent Decree, each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to McClellan against any person or entity not a party hereto.

19. The Parties agree that the payments to be made by the United States, pursuant to this Consent Decree represent a good faith compromise and resolution of the District's claim against the United States in this action, and the Parties agree that the compromise represents a fair, reasonable, and equitable discharge for Covered Matters addressed in this Consent Decree.

20. The Parties agree that they are entitled to contribution protection under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1) and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the Parties' liability to persons not party to this Consent Decree.

21. The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Consent Decree and to secure and maintain the contribution protection afforded to the Parties by this Consent Decree and by law. Nothing in this Consent Decree is intended to be construed to mean that the Parities would provide indemnification to each other in the event of a claim for contribution.

## IX. DISMISSAL WITH PREJUDICE

22. Upon approval and entry of this Consent Decree by the Court, and receipt by the District of the payment provided for in Paragraph 8, all claims between the Parties in this action shall be dismissed with prejudice.

## X. OTHER CLAIMS

23. Subject to the limitations set forth herein, nothing in this Consent Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which a Party may have against any person, firm, partnership, trust, corporation or any other entity that is not a party to this Consent Decree.

## XI. DISPUTE RESOLUTION

24. Any dispute that arises with respect to the meaning or requirements of this Consent Decree first shall be the subject of informal negotiations between the Parties affected by the dispute to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond 60 days beginning with written notice by one Party to the other affected Party or Parties that a dispute exists, unless agreed to in writing by those Parties. If a dispute between the Parties cannot be resolved by informal negotiations, then, within 14 days after the end of the informal negotiations period, any Party may notify the Court of the dispute and the need for a resolution by the Court or through alternative dispute resolution, unless the Parties agree in writing on an alternative method of dispute resolution.

/////

/////

/////

## XII.  RETENTION OF JURISDICTION

25. Notwithstanding any other provision of this Consent Decree, the Court shall retain jurisdiction for the purpose of enforcing the Parties' obligations under this Consent Decree and for resolving disputes in accordance with Paragraph 24 of this Consent Decree.

## XIII. WRITTEN COMMUNICATIONS

26. Unless otherwise stated in this Consent Decree between the Parties, all written communications between the Parties made pursuant to this Consent Decree shall be by Express U.S. Mail delivery to the following addresses:

> **a.**  Communications to the United States
>
> > Chief United States Department of Justice
> > Environment & Natural Resources Division
> > Environmental Defense Section
> > P.O. Box 7611
> > Washington, DC 20044
> > Re: DJ# 90-7-5-21101
>
> **b.**  Communications to the District
>
> > Dan York, General Manager
> > Sacramento Suburban Water District
> > 3701 Marconi Ave., #100
> > Sacramento, CA 95821

## XIV.  MODIFICATIONS

27. Any modifications to this Consent Decree shall be in writing, signed by the Parties, and shall be effective upon approval by the Court.

## XV.   SIGNATORIES/SERVICE

28. The individuals signing this Consent Decree below hereby certify that they are authorized to bind their respective Party to this Consent Decree. Any change in ownership, corporate or other legal status of any Party to this Consent Decree, including, but not limited to, transfer of assets or real or personal property, shall in no way alter the status of responsibilities of any of the parties to this Consent Decree.

## XVI.  GENERAL PROVISIONS

29. This Consent Decree shall be governed and interpreted in accordance with federal law.

30. Any paragraph headings or subparagraph headings or section titles to this Consent Decree are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provision of the Consent Decree.

31. This Consent Decree may be executed in any number of original counterparts, each of which shall be deemed to constitute one agreement. The execution of one counterpart by any party shall have the same force and effect as if that party had signed all other counterparts.

32. This Consent Decree contains the complete agreement between the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject matter hereof. There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED:

**1.**      The court accepts the stipulated Consent Decree as between plaintiff Sacramento Suburban Water District and defendant United States; and

**2.**      The court concludes the Parties' settlement adequately and fairly represents a reasonable and equitable settlement of the District's CERCLA claim against the United States in this action, and that the settlement represents a fair, reasonable and equitable discharge for the Covered Matters addressed in the Consent Decree.  The Parties are entitled to contribution protection pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the Parties' liability as set forth in the Consent Decree.  Upon entry of the Consent Decree, all of the District's claims against the United States, and all of the United States' counterclaims against the District in the above-referenced action, whether alleged in the complaints or otherwise, shall be dismissed with prejudice, as provided in the Consent Decree.

/////

3.     The court directs the clerk to enter final judgment in accordance with the Consent Decree and this order.  The parties shall each bear their own costs, expenses, and attorneys' fees.

4.     The clerk of court is directed to correct the caption on this matter.  The only remaining defendant is the United States of America.  Parties are directed to submit future filings with updated captions.

This order resolves ECF No. 210.

IT IS SO ORDERED.

DATED:  February 18, 2025.

SENIOR UNITED STATES DISTRICT JUDGE